940 So.2d 585 (2006)
A.B., Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-2809.
District Court of Appeal of Florida, First District.
October 30, 2006.
*586 Nancy A. Daniels, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Sheron Wells, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant seeks review of an adjudication of delinquency based on a finding that appellant had committed what would be third-degree grand theft if committed by an adult. Appellant contends that the evidence presented, viewed in a light most favorable to the state, established only the offense of second-degree petit theft. We agree and, accordingly, reverse and remand with directions that the trial court vacate the order of disposition and enter a new order of disposition finding that appellant committed what would be the offense of second-degree petit theft if committed by an adult.
To establish a prima facie case that appellant committed third-degree grand theft, the state was obliged to prove that the property stolen was valued at $100 or more, but less than $300, and that it was "taken from a dwelling as defined in s. 810.011(2) or from the unenclosed curtilage of a dwelling pursuant to s. 810.09(1)." § 812.014(2)(d), Fla. Stat. (2005). Appellant was alleged to have taken a cellular telephone from the victim's home. While there is no question that he did so, the only evidence presented regarding value was to the effect that the victim paid $150 "to open the contract" for phone service approximately two months before the phone was stolen. No evidence was presented that the phone had any value independent of the contract cost, much less that it was worth more than $100. As a result, appellant could only be found to have committed a second-degree petit theft, as defined in section 812.014(3)(a), Florida Statutes (2005).
REVERSED and REMANDED, with directions.
WEBSTER, BENTON, and VAN NORTWICK, JJ., concur.